Luis S. Arán Zuzuarregui, Petitioner and Appellee, *v.* Board of Examiners of Engineers, etc., Respondent and Appellant.

No. 4734. Argued March 15, 1929.—Decided February 14, 1930.

*James R. Beverley, Attorney General,* and *Felipe Janer, Assistant Attorney General,* for appellant. *Feliú & La Costa,* for appellee.

Mr. Justice Wolf delivered the opinion of the court.

The petitioner and appellee presented an application to the Board of Examiners of Engineers, Architects and Surveyors, which was denied and its subsequent issue ordered by the District Court of San Juan, in a mandamus proceeding.

The ultimate facts of this case perhaps are not quite so strong as in the case of *Ramón Llovet Díaz* v. *Board of Examiners, etc.,* just decided, *ante,* p. 560. If we were examining the experience of the appellee, we should not be so strongly satisfied as in the former case, of his qualifications as an engineer. Nevertheless, the evidence tended to show that his experience was actually one of a civil engineer, working with roads, bridges, sewers and other constructions appearing from the record, with the total result that he would have the right to call himself such a civil engineer.

As was shown in said case of *Llovet, supra,* the right to

practice engineering was free in Porto Rico from the date of the military order in 1900. Hence, even if a person has not all the qualifications that would be required by a competent board of engineers, nevertheless, if an applicant has been genuinely practicing his profession as such engineer, he is entitled to recognition under the law.

The case is not totally dissimilar to the situation where a man claims a just title to real estate. He might readily and most frequently does have less than a perfect title. The Act of 1927 intended to protect persons who were genuinely practicing their professions, even though they did not have all the qualifications necessary to pass an examination.

In any event, as in the case of *Llovet*, the petitioner presented a sworn application that he had practiced his profession for more than three years and hence was entitled to his license, unless there was satisfactory proof produced to the contrary. Here, as in the previous case, no satisfactory evidence was presented to the contrary, and the judgment should be affirmed.